## First National Bank of Delta v. Wiley.

*Domestic attachment—Sale by trustees—Execution by lien creditor—Stay of—Act of June 13, 1836.*

1. An execution by a lien creditor will not be stayed in order to permit a sale of the real estate by trustees in domestic attachment proceedings.

2. There is nothing in the Act of June 13, 1836, P. L. 606, requiring that liens should be divested and paid out of the proceeds of a sale, or which authorizes the court to prevent a plaintiff in a judgment against the defendant in a domestic attachment from proceeding to collect the same out of his real estate.

3. Even if the court had power to stay the execution, it would not do so unless it was shown that it would be to the advantage of the creditors to permit the trustees to sell the property.

Rule to stay writs of execution. C. P. Lancaster Co., Jan. T., 1921, No. 119.

*John A. Nauman,* for rule; *I. C. Arnold* and *Charles A. Hawkins,* contra.

HASSLER, J., Jan. 13, 1923.—A domestic attachment was issued against J. H. Wiley in this court to October Term, 1922, No. 89, and Thomas C. Evans, W. S. Doebler and Marvin E. Bushong were appointed trustees. At the time the attachment was issued there were five judgments against him, which were liens upon his real estate. In two of these judgments the First National Bank of Delta, Pa., is the plaintiff, which judgments amount to $4000. These are prior liens to judgments in which Mrs. E. R. Wiley and Elmer Wiley are the plaintiffs, which two latter amount to something over $3000.

The First National Bank of Delta on Nov. 20, 1922, issued *fi. fa.* on its judgments, and was about to sell the real estate of the defendant. One of the trustees presented a petition to this court asking that the said executions be stayed and the trustees be permitted to sell the real estate, upon which petition this rule was granted. In its answer to the petition the First National Bank of Delta contends that the execution should not be stayed.

An examination of the Act of June 13, 1836, P. L. 606, relating to domestic attachments, does not show that we have any authority to grant the prayer of the petition. Section 19 of the act provides that the trustees shall be vested with all the real estate of the person against whom the domestic attachment has been issued, subject to all the liens existing at that time, and section 29 provides that they may sell the real estate after the third term succeeding that at which the writ was made returnable. Nothing in the act shows that the liens upon the property shall be divested and paid out of the proceeds, nor is there anything in it which authorizes the court to prevent a plaintiff in a judgment against the defendant in such an attachment from proceeding in the collection of the same out of his real estate.

Even though we had the power to grant the prayer of the petition, no such case has been presented to us as would justify our interference. It does not appear that it would be an advantage to the creditors to permit the trustees to sell. What the value of the real estate is has not been shown. It may not be worth the amount of the plaintiff's judgments. It is intimated in one of the briefs of argument that it is worth sufficient to pay the plaintiff's judgments and part or all of the subsequent judgments. This fact, however, has not been proven, but if such is the case, it would not justify our interference, but such judgment creditors must protect their liens at the sheriff's sale of the land.

In Hooton *v.* Will, 1 Dallas, 451, it is decided that judgments in execution take precedence over domestic attachments. In Evans's Estate, 7 Lanc. Law

Rev. 347, the court refused to set aside an execution of a lien creditor to permit the real estate of the defendant to be sold by his assignee for the benefit of creditors. In Dundas *v.* Leiper, 1 Phila. 569, it is decided that a *levari facias* on a mortgage will not be stayed to facilitate a sale under the order of the Orphans' Court.

We are of the opinion that no cause has been shown here why the plaintiff should be prevented from proceeding to collect its judgments, as it does not appear that any benefit will accrue to the general creditors by doing so, nor does it appear that we have authority to do so. We, therefore, discharge the rule to show cause why the execution should not be stayed.

From George Ross Eshleman, Lancaster, Pa.